UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,

   vs.

CESAR CABALLERO,

        Movant.

No. 2:11-mj-00035-EFB-1

ORDER

    Movant Cesar Caballero, a former federal prisoner, is proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Caballero alleges the following grounds in support of that motion: (1) the Ninth Circuit's decision in a separate civil case undermines the basis for his conviction; (2) the time he spent incarcerated for civil contempt should be credited toward the criminal sentence in this case; (3) his attorney was ineffective by failing to contest federal jurisdiction; (4) the court erred in admitting 'self-serving declarations'; and (5) that he has been subjected to multiple punishments in violation of the Fifth Amendment's Double Jeopardy Clause. The Government has filed a combined opposition and motion to dismiss. ECF No. 79. Upon careful consideration of the record and the applicable law, the fourth and fifth claims will be dismissed as procedurally defaulted and the remainder of Caballero's § 2255 motion will be denied on its merits.

_____

    [1] This motion was assigned, for statistical purposes, the following civil case number: No. 2:16-cv-00865-EFB.

**I.      Law Applicable to Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that <u>Brecht's</u> harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). *See also United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

/////

2

1         Claims or arguments raised on appeal are not cognizable in a § 2255 motion.  *See United*

2 *States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be

3 the basis of a § 2255 motion."); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979)

4 ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255

5 proceeding.").  *See also Davis v. United States*, 417 U.S. 333, 342 (1974) (issues determined in a

6 previous appeal are not cognizable in a § 2255 motion absent an intervening change in the law).

7 Further, claims challenging the sufficiency of the evidence are not cognizable in § 2255 motions.

8 *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (movant's "evidence-based"

9 claim that "called into doubt the overall weight of the evidence against him" was not cognizable

10 in § 2255 motion); *Barkan v. United States*, 362 F.2d 158, 160 (7th Cir. 1966) ("a collateral

11 proceeding under section 2255 cannot be utilized in lieu of an appeal and does not give persons

12 adjudged guilty of a crime the right to have a trial on the question of the sufficiency of the

13 evidence or errors of law which should have been raised in a timely appeal"); *United States v.*

14 *Collins*, 1999 WL 179809 (N.D. Cal. Mar. 25, 1999) (insufficiency of the evidence is not a

15 cognizable attack under section 2255).

16         Claims that could have been, but were not, raised on appeal are not cognizable in § 2255

17 motions.  *United States v. Frady*, 456 U.S. 152, 168 (1982( (a collateral challenge is not a

18 substitute for an appeal); *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("So far as convictions

19 obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will

20 not be allowed to do service for an appeal"); *Unites States v. Dunham*, 767 F.2d 1395, 1397 (9th

21 Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities

22 to overturn their convictions on grounds which could have been raised on direct appeal").

23 "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the

24 claim may be raised in habeas only if the defendant can first demonstrate either "cause" and

25 actual "prejudice," or that he is "actually innocent."  *Bousley v. United States*, 523 U.S. 614, 622

26 (1998) (citations omitted); *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (same).

27 "Ineffective assistance of counsel constitutes 'cause' for failure to raise a challenge prior to

28 section 2255 collateral review."  *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993).

1 **II. Factual and Procedural Background**

2     In an information dated February 2, 2011, Caballero was charged with three counts of

3 obstruction of mail in contravention of 18 U.S.C. § 1701. ECF No. 1. On August 30, 2011, he

4 was found guilty of all three counts after a trial in the United States District Court for the Eastern

5 District of California in Case No. 11-mj-00035-EFB. ECF Nos. 1 & 13. On April 30, 2012, he

6 was sentenced to ninety days incarceration – thirty days for each count to be served

7 consecutively. ECF No. 25.

8     Caballero appealed (ECF No. 29) and, before the Ninth Circuit, argued that: (1) the

9 evidence used to convict him was insufficient; (2) that variance between the evidence at trial and

10 the information deprived him of an opportunity to present a defense and exposed him to

11 unanticipated evidence; (3) he was denied the right to allocute; and (4) that his sentence was

12 unreasonable. *United States v. Caballero*, 583 F. App'x 806 (9th Cir. 2014). The Ninth Circuit

13 vacated one of Caballero's three convictions based on insufficient evidence and affirmed the

14 other two. *Id*. He was resentenced on June 29, 2015 to two thirty day terms of imprisonment to

15 be served consecutively. ECF No. 63.

16     On April 26, 2016, Caballero filed the current motion to vacate, set aside, or correct his

17 sentence. ECF No. 73. The government filed its answer on June 29, 2016 (ECF No. 79) and

18 Caballero filed a response to the answer (ECF No. 81) on July 15, 2016. The sixty day sentence

19 imposed by this court was completed on April 27, 2016. ECF No. 79 at 3.

20 **III. Government's Motion to Dismiss**

21     **A. Procedural Default**

22     As noted above, the government's response also contains a motion to dismiss three of

23 Caballero's claims due to his failure to raise them in his direct appeal. *Id*. at 4-5. These claims

24 are: (1) that the time he spent incarcerated for civil contempt should be credited toward the

25 criminal sentence in this case; (2) that this court erred in admitting 'self-serving declarations'

26 during his trial; and (3) that he has been subjected to multiple punishments in violation of the

27 Fifth Amendment's Double Jeopardy Clause. *Id*. "The general rule in federal habeas cases is that

28 a defendant who fails to raise a claim on direct appeal is barred from raising the claim on

4

1    collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006); *United States v.*

2    *Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims

3    by not raising them on direct appeal and not showing cause and prejudice or actual innocence in

4    response to the default.").

5            A review of the appellate record confirms that these claims were not raised on direct

6    appeal and Caballero's response (ECF No. 81) offers no countervailing arguments demonstrating

7    either cause and prejudice or actual innocence.  The court has determined, however, that it is

8    unclear whether Caballero could actually have raised the entirety of his civil contempt claim on

9    direct appeal.  The docket in *Shingle Springs Band of Miwok Indians v. Caballero,* 2:08-cv-

10   03133-JAM-AC (attached as exhibit A to the government's response) indicates that Caballero

11   was first imprisoned for contempt on November 14, 2011.  ECF No. 79-1 at 20.  That contempt

12   order was vacated on April 3, 2012.  *Id.* at 23.  Then, Caballero was imprisoned for contempt a

13   second time on November 30, 2013.  *Id.* at 32.   A review of the appellate record indicates that he

14   filed his appellate brief in the present case on April 22, 2013.  *See* Ninth Circuit Court of Appeals

15   Docket # 12-10524.  Accordingly, out of an abundance of caution, the court will address

16   Caballero's civil contempt claim on its merits.  However, the court agrees that the claims

17   regarding 'self-serving declarations' and double jeopardy are procedurally defaulted and must be

18   dismissed on that basis.

19           **B.     Mootness**

20           The government argues that Caballero's motion is moot insofar as it attacks the validity of

21   his sentence because he has completed his sixty-day term of imprisonment.  ECF No. 79 at 5.

22   The court agrees.  That being said, the government acknowledges that Caballero's release does

23   not moot his challenge to his conviction.  *Id.* at 5 n. 2.  This acknowledgement comports with the

24   precedent of the Supreme Court and the Ninth Circuit.  *See Sibron v. New York*, 392 U.S. 40, 57

25   (1968) ("[A] criminal case is moot only if it is shown that there is no possibility that any

26   collateral legal consequences will be imposed on the basis of the challenged conviction.");

27   *Hirabayashi v. United States*, 828 F.2d 591, 606 (9th Cir. 1987) ("We have repeatedly reaffirmed

28   /////

5

the presumption that collateral consequences flow from any criminal conviction."). Accordingly, the court will consider Caballero's non-defaulted claims on their merits.

### C.     Merits

####      1.     **Ninth Circuit's Decision in** ***Shingle Springs Band of Miwok Indians v. Caballero***

Caballero argues that the favorable summary judgment decision in *Shingle Springs Band of Miwok Indians v. Caballero*, 2:08-cv-3133-JAM-AC (E.D. Cal.), 630 F. App'x. 708 (9th Cir. 2015) (unpub.) undermines his conviction in this case. ECF No. 73 at 4. He does not offer any specific legal basis in support of this argument, however. The government has, reasonably in this court's view, construed this argument as one sounding in issue preclusion. ECF No. 79 at 6. Its arguments against giving the Ninth Circuit's decision in *Shingle Springs Band of Miwok Indians* preclusive effect are persuasive. Issue preclusion appropriately lies where:

> (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom the issue preclusion is asserted was a party in privity with a party to the prior action.

*Syverson v. International Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2006). Caballero has not met any of these elements. First, *Shingle Springs Band of Miwok Indians* raised various civil trademark claims and unfair competition claims (2:08-cv-3133-JAM-AC (E.D. Cal.) at ECF No. 1), a far cry from the criminal obstruction of mail charges relevant to the immediate case. As such, the Ninth Circuit's decision in *Shingle Springs Band of Miwok Indians* has no logical bearing on Caballero's conviction in this case. Second, the Ninth Circuit's decision in *Shingle Springs Band of Miwok Indians* did not render final judgment insofar as it only reversed the district court's summary judgment decision against Caballero and remanded for further proceedings. *Shingle Springs Band of Miwok Indians v. Caballero*, 630 F. App'x 708, 709-711 (9th Cir. 2015). As the government correctly points out, denial of summary judgment is not a final judgment. *See Jones-Hamilton Co. v. Beazer Materials & Servs.*, 973 F.2d 688, 694 (9th

/////

6

Cir. 1992) ("Denial of a motion for summary judgment is generally not a final order . . ."). Third, the government's contention that it had no involvement in the civil suit is uncontroverted.

Based on the foregoing, this claim is denied.

### 2. Time Spent Incarcerated for Civil Contempt

Caballero argues that the time he spent incarcerated for civil contempt in *Shingle Springs Band of Miwok Indians* should be credited against his sentence in this case. ECF No. 73 at 5. He offers no authority in support of this frankly illogical proposition. To the contrary, the Ninth Circuit has held that a "civil contempt proceeding is an entirely separate court action from [a] criminal case . . ." *In re Garmon*, 572 F.2d 1373, 1377 (9th Cir. 1978). Accordingly, this claim is denied.

### 3. Ineffective Assistance of Counsel

Finally, Caballero argues that his counsel was ineffective by failing to raise the issue of "federal court jurisdiction" in this case. ECF No. 73 at 7. The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id*. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id*. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 at 104 (quoting *Strickland*, 466 U.S. at 687).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792.

/////

7

As the government notes, Caballero was charged and convicted of obstructing the mail in violation of 18 U.S.C. § 1701 – an offense arising under federal law. "The district courts of the United States have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. Caballero does not explain how, faced with this obvious fact, his counsel could reasonably have contested federal jurisdiction. It is well settled that "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). This claim is, accordingly, denied.

## IV.    Conclusion

For the foregoing reasons, Caballero's motion pursuant to 28 U.S.C. § 2255 (ECF No. 73) is denied. The Clerk is directed to close the companion civil case, No. 2:16-cv-00865-EFB.

Dated: November 20, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE